THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Herbert Drucker and Marilyn R. Drucker,       
Appellants,
 
 
 

v.

 
 
 
Ralph F. Witt and Deborah Witt; Gordon Plastering Company, Inc.; European 
 Stucco, Inc.; and Parex Inc.,        Defendants,
Of Whom, Ralph F. Witt and Deborah Witt are,       
Respondents.
 
 
 

Appeal From Richland County
J. Ernest Kinard, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-131
Submitted January 1, 2005  Filed February 
 18, 2005

AFFIRMED

 
 
 
Robert B. Phillips, of Columbia, for Appellants.  
Paul Collins, of Columbia, for Respondents.  
 
 
 

PER CURIAM:  Herbert and Marilyn Drucker 
 appeal the trial courts dismissal of their negligence claims against the original 
 owners who built their house.  We affirm. [1] 
FACTS AND PROCEDURAL HISTORY
In 1989, Ralph and Deborah Witt built 
 a house on property they owned in Richland County, South Carolina.  The Witts 
 hired Gordon Plastering Company to clad the new house with Exterior Insulation 
 Finishing System (EIFS), a synthetic stucco material manufactured by Parex.  
 On November 20, 1997, the Witts sold their house to the Druckers.  Five 
 years later, the Druckers had the house inspected in preparation for putting 
 it up for sale.  The inspection revealed several problems with the application 
 of the EIFS cladding, resulting in damage to the house.  
The Druckers filed a complaint against 
 the Witts, Gordon Plastering, Continental Stucco Products, and Parex, alleging 
 five causes of action against the Witts, including negligence, breach of express 
 warranties, breach of the implied warranties of habitability and workmanlike 
 service, and unfair trade practices.  All causes of action were predicated on 
 the alleged defective application of the EIFS cladding to the house. 
 [2] 
The Witts filed a 12(b)(6) motion as to all causes 
 of action, arguing the Druckers failed to allege sufficient facts to constitute 
 a cause of action.  In a brief form order, the trial court dismissed the Druckers 
 claims for negligence, breach of express warranties, and unfair trade practices, 
 stating motion to dismiss as to causes of action one, two, and eight is granted. 
 [3]   The Druckers did not file a Rule (59)(e) motion requesting the trial 
 court provide specific grounds for its rulings.
DISCUSSION
The Druckers contend the trial court erred by dismissing 
 their negligence claims against the Witts, arguing the court improperly relied 
 on a factual predicate outside of the pleadings to reach its decision and committed 
 an error of law by determining an original builder and owner of a house, who 
 is not a house builder by trade, owes no duty to protect a subsequent purchaser 
 from negligent construction.  We disagree.
First, the Druckers allege the trial court improperly 
 based its dismissal of their negligence claims on the assumption the Witts were 
 not in the business of building houses.  Even though the complaint alleged, 
 the Witts built the Property [and] were responsible for hiring the subcontractor 
 who clad the Property with EIFS, there is no allegation in the complaint the 
 Witts were in the business of building houses.  The Druckers contend the improper 
 basis for the courts ruling was revealed at the motion hearing when the trial 
 judge stated, [the Witts] built it, you know, they lived in it, they sold it, 
 then this stucco problem occurred.  I mean, you got the wrong person to do that, 
 unless they build houses all the time.  If they built it, moved into it, the 
 homeowner, Im sorry.  
This issue is not preserved for our review.  
 The courts statement at the motion hearing is not conclusive proof the court 
 utilized an improper basis for its final ruling.  The court provided no specific 
 grounds for its ruling, and we are unable to determine what particular facts 
 the court relied upon in dismissing the Druckers negligence claims. The Druckers 
 could have requested the court provide more specific or complete grounds for 
 its ruling in a 59(e) motion.  Because they did not, the trial court was deprived 
 of the opportunity to explain its analysis of this issue, and we may not now 
 consider it on appeal.  See Wilder Corp. v. Wilke, 330 S.C. 71, 
 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue must be raised 
 to and ruled upon by the trial court before the issue is preserved for appellate 
 review.).  
Next, the Druckers assert the trial court erred 
 as a matter of law by dismissing their negligence claims against the Witts, 
 arguing South Carolina recognizes a duty in an individual who builds a house, 
 lives there, and later sells it to protect a subsequent buyer from negligent 
 construction and may be liable to the buyer in tort for selling a defective 
 home.  We disagree.
The cases relied upon by the Druckers recognize a duty from 
 a commercial builder of a new house to a buyer, or from a seller to a buyer 
 on implied warranties of fitness and habitability but not on negligence claims.  
 See Lane v. Trenholm Bldg. Co., 267 S.C. 497, 500, 229 S.E.2d 
 728, 729 (1976) (holding a real estate developer has a duty to a buyer of a 
 house because when a new building is sold there is an implied warranty of fitness 
 for its intended use which springs from the sale itself.); see also 
 Arvai v. Shaw, 289 S.C. 161, 164, 345 S.E.2d 715, 717 (1986) (holding 
 a subsequent owner of a house cannot claim the original commercial builder breached 
 the implied warranty of habitability where the house had been occupied by earlier 
 owners); Kennedy v. Columbia Lumber & Mfg. Co., 299 S.C. 335, 346, 
 384 S.E.2d 730, 737 (1989) (holding a builder of a new house has a duty to construct 
 the house in conformity with current building codes and industry standards if 
 he knows or should know [the house] will later be sold by a party to an innocent 
 buyer.).  We find no law creating a duty in tort on the part of a homeowner 
 who builds his own house running to a subsequent buyer.
Because in a negligence action there can be no recovery without 
 a breach of duty, the ruling of the trial court is
AFFIRMED.
ANDERSON, STILWELL, and SHORT, JJ., concur.  

 
 
 [1]         We decide this case without oral argument pursuant to Rule 
 215, SCACR.  

 
 [2]         The record 
 also includes the Druckers amended complaint correcting the name of one defendant.  
 The Witts contend the amended pleadings were never served on them, but since 
 both complaints assert the same causes of action, that is inconsequential. 
 

 
 
 [3]         The Druckers causes of action against the Witts for breach 
 of the implied warranties of habitability, merchantability, workmanlike service 
 and fitness for a particular purpose survive the trial courts grant of the 
 12(b)(6) motion.